UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RUSSELL ALLEN,

                Petitioner,

  -against-                         **MEMORANDUM AND ORDER**
                                          Case No. 13-CV-2129 (FB)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------x

*Appearances*:
| For the Petitioner: | For the Government: |
|---|---|
| RUSSELL ALLEN, *Pro Se* | LORETTA LYNCH |
| #74365-053 | United States Attorney |
| F.C.I. Talladega | Eastern District of New York |
| PMB 1000 | By:  Amy Busa |
| Talladega, AL 35160 |        Assistant United States Attorney |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

Russell Allen ("Allen"), proceeding *pro se*, seeks to amend his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court grants the motion to amend, and for the reasons stated below the amended motion is denied.

**I.**

On June 3, 2008, Allen pleaded guilty before Magistrate Judge Viktor V. Pohorelsky to one count of Racketeering, in violation of 18 U.S.C. § 1962(c), pursuant

1

to a plea agreement. Allen was involved in two murder-for-hire conspiracies commissioned by his co-defendant, Kenneth McGriff. *See United States v. McGriff*, 287 F. App'x 916, 917 (2d Cir. 2008) (summary order). During his allocution, the Court reviewed the charges, including the allegation that Allen committed two racketeering acts: the murder of Eric Smith and the conspiracy to murder Troy Singleton, both of which carried potential life sentences. Allen admitted his guilt for the offenses.

## II.

Allen seeks to modify his petition by moving to "withdraw ground[s] a to d of [the] pending" petition, and then to add the new argument that "Counsel was ineffective for failing to invoke *Apprendi v. New Jersey*, 530 U.S. 466 (2000) at Sentencing." Dkt. No. 11 (filed June 6, 2014).

*Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original). A RICO defendant, like Allen, who violates 18 U.S.C. § 1962 can be imprisoned "not more than twenty (20) years," unless the violation is based on a racketeering activity for which the maximum penalty

includes life imprisonment. 18 U.S.C. § 1963(a).

Here, there was no *Apprendi* violation because the facts that were the basis for the statutory maximum were "admitted by the defendant." *Blakely,* 542 U.S. at 303. At his allocution, Allen admitted his involvement in both murders—crimes that carry a maximum penalty of life imprisonment—and the Court sentenced him to 30 years of imprisonment. Allen suffered no prejudice as a result of a decision not to raise a claim lacking merit on his behalf, and therefore he fails to show that sentencing counsel's "representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688 (1984).

### III.

The petition, as amended, is denied. Because Allen has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c).

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 30, 2014

3